■ RAFAEL GARCIA-MATA, Appellant, v BRANIFF INTERNA-TIONAL, Respondent.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on January 13, 1989, which granted plaintiff's motion for summary judgment on its claim for loss of merchandise with respect to liability, but denied the motion with respect to damages and granted defendant's motion to dismiss plaintiff's claim for punitive damages, is unanimously affirmed, without costs.

In 1980, plaintiff, a mink rancher in Argentina, contacted an agent in Argentina to arrange for the shipment of 10 cases of mink pelts to New York. The agent arranged for defendant to carry the cargo to New York. An airway bill was prepared by the agent, reviewed by plaintiff and signed by plaintiff. The shipment was loaded on the aircraft and flown nonstop to New York. Only 4 of the 10 cases were delivered to the consignee in New York. The other six cases have never been located.

Plaintiff sued to recover the full value of the lost pelts, plus punitive damages, costs and attorney's fees. Defendant conceded responsibility for the lost cargo and offered to pay plaintiff $13,000, the maximum liability recoverable pursuant to the Warsaw Convention (the Convention). Plaintiff refused the offer and moved for summary judgment claiming, *inter alia,* that Argentine law is applicable and that the Convention's limitation of liability is inapplicable.

We are unpersuaded by plaintiff's arguments that the parties intended that Argentine law be applicable in the event of a loss. Indeed, the relevant portion of the airway bill provides:

"Carriage hereunder is subject to the rules relating to liability established by the convention * * * [and]

"applicable laws (including national laws *implementing the Convention)*" (2 [a], [b] [i]; emphasis supplied).

Plaintiff chose to institute this action in New York although he was free to choose Argentina as the forum. Accordingly, the provisions of the Convention are applicable *(see, Garcia v Pan Am. Airways,* 269 App Div 287, *affd* 295 NY 852). Pursuant to the United States Supreme Court decision in *Trans World Airlines v Franklin Mint Corp.* (466 US 243), the last official United States price of gold must be used to determine damages in loss cases under the Convention.

Plaintiff raises several issues which, if proven, would take the contract of carriage out of the Convention. However, these issues relating to damages (e.g., whether defendant's handling of the cargo amounted to gross misconduct and whether defendant deliberately departed from the designated route)

cannot be resolved on this record. Accordingly, the motion for summary judgment for a specified amount of damages was properly denied.

We have considered plaintiff's other claims and find them to be of no merit. Concur—Murphy, P. J., Sullivan, Milonas, Kassal and Wallach, JJ.